**IGNACIA S. MORENO**
**Assistant Attorney General**
**United States Department of Justice**
**Environment and Natural Resources Division**
**Washington, D.C.**
**KAREN L. LOEFFLER**
**United States Attorney**
**Anchorage, Alaska**
**DAVID F. ASKMAN**
**U.S. Department of Justice**
**Environmental Enforcement Section**
**1961 Stout Street - 8th Floor**
**Denver, CO   80294**
**Phone: (303) 844-1381**
**Fax: (303) 844-1350**
**david.askman2@usdoj.gov**
**RICHARD L. POMEROY**
**Assistant United States Attorney**
**District of Alaska**
**Federal Building & U.S. Courthouse**
**222 West Seventh Avenue, #9**
**Anchorage, Alaska  99513**
**Phone: (907) 271-5071**

**Attorneys for Plaintiff United States of America**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| GRANITE CONSTRUCTION COMPANY, | ) | |
| successor-in-interest to WILDER | ) | |
| CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency, alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Granite Construction Company ("Defendant"), the successor in interest to Wilder Construction Co. ("Wilder"), for the discharge of pollutants into waters of the United States in the Kenai Peninsula and Municipality of Anchorage Boroughs, Alaska, and for violations of the CWA's requirements governing the discharge of storm water, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2.    In this action, the United States seeks (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a), and (2) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4.    Venue is proper in the District of Alaska pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the subject properties are located in this District and the cause of action alleged herein arose in this District.

Case 3:10-cv-00117-RRB   Document 1   Filed 06/02/10   Page 2 of 11

## THE PARTIES

5.      The Plaintiff in this action is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366 and Section 506 of the CWA, 33 U.S.C. § 1366.

6.      Defendant is a California corporation that conducts construction activities through its Alaska division in Anchorage, Alaska.  In 2007, Defendant purchased all of Wilder's shares and Wilder became a wholly-owned subsidiary of Defendant.  In April 2008, Wilder merged into Defendant and Wilder ceased to exist.

7.      At all times relevant to the Complaint, Wilder controlled the activities that are the subject of this Complaint.

## STATUTORY BACKGROUND

8.      CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA sections 402 or 404, 33 U.S.C. §§ 1342, 1344.

9.      CWA section 402, 33 U.S.C. § 1342, established a National Pollutant Discharge Elimination System ("NPDES") permit program.  CWA section 402(p), 33 U.S.C. § 1342(p), specifies that an NPDES permit is required for any "storm water discharge associated with industrial activity."  The regulations implementing section 402(p) of the CWA, 33 U.S.C. § 1342(p), define "storm water discharge associated with industrial activity" to include discharges associated with construction activity, including clearing, grading, and excavation resulting in the disturbance of at least one acre of total land area.  40 C.F.R. §§ 122.26(b)(14)(x) and (15).  In 1998, EPA issued the NPDES General Permit for Storm Water Discharges From Construction

Case 3:10-cv-00117-RRB   Document 1   Filed 06/02/10   Page 3 of 11

Activities. The permit was reissued on July 1, 2003 ("2003 CGP"), 68 Fed. Reg. 39087 (July 1, 2003), and was in effect during the permit violations alleged herein.

10. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

11. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

12. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

13. 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

14. 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

15. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

16. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include a "State . . . or political subdivision of a State."

4

17.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

18.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a) or any permit condition or limitation in an NPDES permit.  Defendant is subject to a civil penalty per violation per day that it violates the CWA or any condition or limitation in a NPDES permit not to exceed $32,500 per day for each such violation.  33 U.S.C. § 1319(d) and 40 C.F.R Part 19.

## GENERAL ALLEGATIONS

19.     Defendant, Wilder, and Granite are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

20.     On February 28, 2005, Wilder submitted a Notice of Intent ("NOI") to be covered by the 2003 CGP for the reconstruction of the Soldotna/Kenai River Bridge to be undertaken in Soldotna, Alaska ("Kenai River Bridge project").  On March 7, 2005, EPA authorized Wilder to discharge to waters of the United States subject to the conditions of the 2003 CGP in connection with the Kenai River Bridge project.  EPA assigned to Wilder permit number AKR10BF46.

21.     The Kenai River Bridge project was undertaken on the banks of and in the Kenai River.  The Kenai River drains into the Cook Inlet. The Kenai River and the Cook Inlet are "waters of the United States" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2.

5

22.     In March 2005, and at times more fully known to Wilder, construction activity was commenced at the Kenai River Bridge project including clearing, grading, and excavation activities. Those activities are "industrial activity" within the meaning of 40 C.F.R. § 122.26.

23.     The construction activities at the Kenai River Bridge project resulted in a disturbance of more than one acre.

24.     Wilder's construction activities have resulted in discharges of storm water to the Kenai River. This storm water has been conveyed through and over ditches, channels, pipes, cut and fill slopes, silt fences, and/or stockpiled material placed in disturbed areas of the Kenai River Bridge site.

25.     On November 4, 2005, Wilder submitted a NOI to be covered by the 2003 CGP for the extension of Abbott Loop Road between Tudor Road and 80th Street to be undertaken in Anchorage, Alaska ("Abbott Loop project" ). On November 11, 2005, EPA authorized Wilder to discharge to waters of the United States subject to the conditions of the 2003 CGP in connection with the Abbott Loop project. EPA assigned to the Wilder permit number AKR10BM02.

26.     The Abbott Loop project is traversed by a number of drainage ditches, streams and wetlands, including the North Fork and South Fork Campbell Creek, and other tributaries, which drain into Campbell Creek, then to Campbell Lake and Cook Inlet.

27.     The streams and wetlands traversing the project as well as Campbell Creek and the Cook Inlet are "waters of the United States" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2.

28.     In November 2005, and at times more fully known to Wilder, construction activity was commenced at the Abbott Loop project including clearing, grading, and excavation activities. Those activities are "industrial activity" within the meaning of 40 C.F.R. § 122.26.

29.     The construction activities at the Abbott Loop project resulted in a disturbance of more than one acre.

30.     Wilder's construction activities have resulted in discharges of storm water to the drainage ditches, wetlands, and unnamed streams on the Abbott Loop project site.  This storm water has been conveyed through and over gullies, ditches, channels, pipes, cut and fill slopes, silt fences, and/or stockpiled material placed in disturbed areas of the Site.

31.     Wilder was the contractor in charge of construction on the Abbott Loop and Kenai River Bridge projects.  Each site exceeds one acre of total disturbed area.

32.     For the Abbott Loop project and the Kenai River Bridge project, Wilder is an "operator" of the Site under Appendix A of the 2003 CGP.

33.     The storm water referenced herein contains "pollutant[s]" within the meaning of Sections 301(a) and 502(6) of the Act, 33 U.S.C. §§ 1311(a) and 1362(6), and 40 C.F.R. § 122.2, including sand, dirt, sediment, suspended solids, residue, turbidity, and petroleum products.

34.     The Abbott Loop and Kenai River Bridge projects themselves, as well as the gullies, ditches, channels, pipes, cut and fill slopes, and stockpiled material referenced in Paragraphs 24 and 30 above constitute "point source[s]" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

7

35.     By causing such pollutants to enter waters of the United States, Wilder has engaged in the "discharge of pollutants" from a point source within the meaning of Sections 301 and 502(12) of the Act, 33 U.S.C. §§ 1311 and 1362(12).

<u>COUNT ONE - FAILURE TO COMPLY WITH THE 2003 CGP<br>AT THE KENAI RIVER BRIDGE PROJECT</u>

36.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 19 through 35.

37.     Wilder violated the 2003 CGP by implementing deficient storm water management practices leading to exceedances of water quality standards, in violation of Part 4.5.

38.     Wilder violated Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), by discharging pollutants from point sources into the Kenai River without a permit.

39.     Wilder violated the 2003 CGP by failing to implement the provisions of the site SWPPP, as required by Part 3.1.D., resulting in daily untreated discharges to the Kenai River.

40.     Wilder violated the 2003 CGP by failing to design and implement BMPs in accordance with good engineering practices, as required by Parts 3.1.A. and 3.13.A., leaving disturbed areas at the site unstabilized from shutdown in 2005 until Spring 2006.

41.     Wilder violated the 2003 CGP by failing to maintain BMPs in effective operating condition, as required by Part 3.6.A.

42.     Wilder violated the 2003 CGP by failing to conduct required self-inspections every seven days and after a storm that exceeds one-half inch of precipitation, as required by Parts 3.10.A. and B.

43.     Wilder violated the 2003 CGP by failing to update the site SWPPP after the failure of a BMP and by failing to implement modified BMPs prior to the next storm event, as required by Parts 3.6. and 3.11.

8

44.     Wilder violated the 2003 CGP by failing to include required elements in self-inspection reports, as required by Parts 3.10.

45.     Wilder violated the 2003 CGP by failing to describe interim stabilization practices or the schedule for their implementation in the site SWPPP, as required by Part 3.4.B.

46.     Wilder violated the 2003 CGP by failing to properly record dates of grading and stabilization activities, as required by Parts 3.4.

47.     Wilder violated the 2003 CGP by failing to show all major structural controls, staging areas, and other required elements on a site map, as required by Parts 3.3.C.3., 3.3.C.5. and 3.4.H.

<u>COUNT TWO - FAILURE TO COMPLY WITH THE 2003 CGP<br>AT THE ABBOTT LOOP PROJECT</u>

48.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 19 through 35.

49.     Wilder violated the 2003 CGP by failing to prevent construction chemicals that could be exposed to storm water from becoming a pollutant source, as required by Part 3.13.C.

50.     Wilder violated the 2003 CGP by failing to initiate stabilization measures within fourteen days on inactive but disturbed areas of the site, as required by Part 3.13.D.

51.     Wilder violated the 2003 CGP by failing to properly select, install and maintain BMPs using good engineering practices, as required by Part 3.13.A.

52.     Wilder violated the 2003 CGP because the SWPPP does not identify and ensure implementation of BMPs for allowable non-storm water discharges, as required by Part 3.5.

53.     Wilder violated the 2003 CGP by failing to properly conduct and document self-inspections, as required by Part 3.10.

9

54.     Wilder violated the 2003 CGP by failing to conduct timely self-inspections, as required by Part 3.10.A.

55.     Wilder violated the 2003 CGP because the site SWPPP does not describe necessary interim stabilization practices, as required by Part 3.4.B.

56.     Wilder violated the 2003 CGP because the site SWPPP does not identify all operators and their areas of control at the project, as required by Part 3.3.A.

57.     Wilder violated the 2003 CGP by failing to record dates when major grading begins and ceases, and when stabilization activities are initiated, as required by Part 3.4.C.

58.     Wilder violated the 2003 CGP because the Notice of Intent for the project was not posted in a publicly accessible location, as required by Part 3.12.B.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

That Defendant be permanently enjoined from discharging or causing the discharge of pollutants into any waters of the United States except in compliance with the CWA;

That the Defendant be permanently enjoined from violating the terms of their storm water construction general permits;

That the Defendant be required to develop, and its personnel to attend, storm water management and training programs designed to avoid future violations of the CWA;

That the Defendant be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a) and 309(a), 33 U.S.C. § 1311(a) and 319(a), and for each violation of a condition or limitation of a NPDES permit;

10

That the United States be awarded costs and disbursements in this action; and

That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
  Division


s/ David F. Askman
David F. Askman, Senior Counsel
U.S. Department of Justice
Environmental Enforcement Section
1961 Stout Street - 8th Floor
Denver, CO 80294
(303) 844-1381
david.askman2@usdoj.gov

KAREN L. LOEFFLER
UNITED STATES ATTORNEY
District of Alaska


s/ Richard L. Pomeroy
Richard L. Pomeroy
Assistant United States Attorney
District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513
(907) 271-5071

Dated: June 2, 2010

11